UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

                Plaintiff,        Civil Action No. 13-12352
                                      Honorable Steven J. Murphy
                                      Magistrate Judge David R. Grand
   v.

RAYMOND TUNISON and
ADAM TUNISON
                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [14]

### I.    RECOMMENDATION

Before the Court is Plaintiff Allstate Insurance Company's ("Allstate") motion for default judgment against Defendants Raymond and Adam Tunison ("Defendants") [14], referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court RECOMMENDS that the motion [14] be GRANTED.

### II.    REPORT

#### A.    Background

As Defendants have not appeared or otherwise responded to the action, for purposes of this motion all of Allstate's alleged facts are taken as true. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Allstate issued a policy of automobile insurance to Defendant Raymond Tunison on or about August 25, 2012, which specifically provided that the

policy covers only vehicles shown on the policy declarations. (Cplt. ¶¶25-28). As of December 25, 2012, the declarations included two 2003 Ford Tauruses, a 1998 Dodge Van Caravan, and a 1994 Chrysler Town and Country. (*Id.* Ex. B at 2, 8). Allstate alleges, upon information and belief, that on or about November 16, 2012, Raymond Tunison purchased a 2006 Ford Expedition (the "Expedition") from the Monroe Dodge Dealership in Monroe, Michigan, with a loan that listed his name alone as the title owner of the vehicle. (Cplt. ¶¶16-17). At the time of the transaction, Raymond Tunison allegedly provided his proof of insurance to the salesperson, and was under the impression that the salesperson would contact Allstate regarding the purchase, in order to have the Expedition added to his insurance policy. (*Id.* ¶¶18-19). At no point between November 16 and December 28, 2012, did Raymond Tunison confirm that the Expedition had been added to his policy, nor did he contact his insurance agent regarding the same. (*Id.* ¶¶20-21).

On December 25, 2012, Defendant Adam Tunison, Raymond Tunison's son, was driving the Expedition on southbound I-75 in Toledo, heading in the wrong direction. (Cplt. ¶¶11-13). He crashed into Juan Garcia, who was killed. (*Id.* ¶14) Adam Tunison was found at fault for the accident. (*Id.* ¶13) Later that same day, Adam Tunison contacted Geico Insurance Company in order to secure insurance on the Expedition. (*Id.* ¶23). On December 28, 2012, Allstate was notified of the incident, with an inquiry as to insurance coverage applicable thereto. (*Id.* ¶¶15, 22). According to Raymond Tunison's policy, additional vehicles purchased by the policy holder will be insured for 30 days so long as several conditions are met: (1) the auto is acquired during the policy period; (2) Allstate is notified within 30 days of acquiring the auto; (3) no other insurance policy provides coverage for the auto; (3) Allstate or an affiliate insures all other private vehicles owned by the policy holder; and (5) the policy holder pays an additional

premium. (*Id.* ¶27). The policy specifically states it will not provide coverage beyond the 30-day mark unless: (1) the policy holder asks Allstate to insure the auto within 30 days of purchase; (2) Allstate agrees to provide the requested coverage; and (3) the policy holder pays an additional premium. (*Id.* ¶¶27-28). The policy further excludes, under its uninsured motorist insurance coverage provision, "bodily injury to any person injured . . . when struck by an uninsured motor vehicle which is either owned by you or a resident relative . . ." (*Id*. Ex. B at 39 ("Coverage SS")). Based on Allstate's position that its coverage did not extend to the Expedition due to Raymond Tunison's failure to timely add the vehicle to the policy, Allstate forwarded a "Reservation of Rights" letter to each Defendant. (*Id.* ¶24).

On May 29, 2013, Allstate filed a complaint in this Court seeking a declaratory judgment that it is not required to indemnify Defendants against any losses they may incur as a result of the December 25, 2012 accident based on the fact that the exclusions and coverage provisions in Raymond Tunison's policy do not provide coverage for the Expedition. [1]. A summons and copy of the complaint were personally served on Raymond Tunison on June 13, 2013 and on Adam Tunison on July 30, 2013. [5, 8]. Raymond Tunison's answer was due July 5, 2013, and Adam Tunison's answer was due August 20, 2013. *Id.* On August 16, 2013, Allstate sought a clerk's entry of default against Raymond Tunison, which was entered on August 19, 2013. [6, 7]. On August 29, 2013, Allstate sought a clerk's entry of default against Adam Tunison, which was entered on August 30, 2013. [9, 10]. On March 11, 2014, Allstate sought a clerk's entry of judgment by default, which was denied for lack of sum certain. [11, 12].

On July 7, 2014, the Court entered an Order to Show Cause, requiring Allstate to show cause why the case should not be dismissed due to failure to prosecute. [13]. On July 21, 2014, Allstate responded, and moved for default judgment against Defendants pursuant to Fed. R. Civ.

P. 55(b)(2). [14, 15]. That motion was referred to this Court for a Report and Recommendation. [16].

    **B.**    **Legal Standard**

If a defendant fails to plead or otherwise defend a claim, the clerk shall enter the party's default. Fed. R. Civ. P. 55(a). In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). If obtained, the proponent may file for default judgment by the clerk or by the court. Fed R. Civ. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain, the clerk—on the plaintiff's request, with an affidavit showing the amount due—"must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

    **C.**    **Analysis**

        *1.*    *Discretion to Issue Declaratory Judgment*

The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The United States Supreme Court, however, has held that a district court is not compelled to exercise its jurisdiction over declaratory judgment actions. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). To guide a district court in the determination of whether to exercise its jurisdiction over a declaratory action, the United States Court of Appeals for the Sixth Circuit has adopted the following five factor test: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in

issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Grand Trunk W. R.R. Co. v. Consolidated Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984). When analyzing the fourth factor, the Court considers three sub-factors: (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). Here, neither Allstate nor the Defendants have informed this Court of the existence of any parallel state court proceeding. As Defendants have neither appeared nor defended this action, the Court is not aware whether there is any pending state court action related to this matter. As such, many of the concerns raised by the *Grand Trunk* court are moot under the circumstances.

The Court finds that weighing the above factors, the scale tips in favor of exercising jurisdiction over this action. First, a final decision in this case would settle any controversy of insurance coverage between Allstate and the Defendants, and thus Allstate's potential indemnification of them. Second, and relatedly, such declaration would serve a useful purpose in clarifying the legal relations in issue. Third, there is no evidence that the declaratory remedy is being used for purposes of "procedural fencing" as there is no indication that Allstate is in a race for *res judicata* where there is no evidence of a pending state court action. Thus, the first three factors weigh heavily in favor of exercising jurisdiction.

In analyzing the fourth factor, the Court finds the outcome weighs slightly in favor of exercising jurisdiction. The first sub-factor considers whether "the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). However, this is not a case where complex factual issues are to be addressed in a state court proceeding. As noted, the Court is unaware of any related state court action. "Likewise, there is no risk that 'similar factual issues concerning liability and coverage will be resolved inconsistently.'" *Clifford v. Church Mut. Ins. Co.*, No. 13-853, 2013 U.S. Dist. LEXIS 168761, *11-12 (S.D. Ohio Nov. 27, 2013) *citing Omaha Prop.& Cas. Ins. Co. v. Johnson*, 923 F.3d. 446. 447 (6th Cir. 1991). Thus, this first sub-factor weighs in favor of jurisdiction.

The second sub-factor also weighs in favor of jurisdiction because, while this action will require the Court to interpret the insurance contract by reference to Michigan law, there is no indication that the case "presents a question of unresolved state law that should be reserved for state court determination." *Id.* at *13 *citing Bituminous*, 373 F.3d at 815-16. The third sub-factor weighs against exercising jurisdiction, however, as this case is a diversity action (Cplt. ¶¶1-5), and it does not appear that any federal statutory or common law will apply to its substantive issues. (*Id.*). Therefore, overall, the fourth factor weighs slightly in favor of exercising jurisdiction.

Finally, the fifth factor requires consideration of whether a better or more effective remedy exists than the one sought by the plaintiff. The Court acknowledges that state courts are effective in resolving these types of disputes between a policyholder and an insurance company, in large part because they are the primary enforcers of state laws and regulations. Therefore, this last factor weighs against exercising jurisdiction.

Weighing all five factors together, the Court finds, in its discretion, that exercising jurisdiction is appropriate here. Four of the five factors weigh in favor of exercising jurisdiction, three of them heavily. Moreover, as noted above, many of the concerns expressed by the *Grand Trunk* court are alleviated where, as here, there is no parallel state proceeding. Thus, issues of comity are less concerning. *See Clifford*, 2013 U.S. Dist. LEXIS 168761 at *16-17 (finding lack of parallel state court action weighs in favor of exercising jurisdiction). For all of these reasons, the Court will exercise its jurisdiction over this declaratory judgment action.[1]

### 2. *Default Judgment as to Raymond and Adam Tunison*

All of the prerequisites for default judgment against Defendants Raymond and Adam Tunison under Federal Rule of Civil Procedure 55 have been met. Each was validly served with a summons and copy of the complaint. [5, 8]. Each failed to appear or otherwise defend this case, and Plaintiff has obtained a Clerk's entry of default against each one. [7, 10]. Thus, because Defendants have not responded to, or defended against, Allstate's complaint, it is deemed to have admitted all of Allstate's well-pleaded allegations, *Cross*, 441 F. Supp. 2d at 846 (citing *Visoneering*, 661 F.2d at 124), and Allstate is therefore entitled to default judgment against both Defendants Raymond Tunison and Adam Tunison. *Id.*; *see also* Fed. R. Civ. P. 55.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Allstate's motion for default judgment **[14]** be **GRANTED** and that judgment be entered in favor of Plaintiff Allstate and against Defendants Raymond Tunison and Adam Tunison.

Dated: September 10, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

---

[1] Allstate also alleges in its complaint that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. [1 at ¶5].

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager

Dated: September 10, 2014